IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO



UNITED STATES OF AMERICA,
Plaintiff,

v.

CRIMINAL NO. 17-580 (JAG)

ROBERT D. RIVERA-PASTRANA,
Defendant.

**PLEA AND FORFEITURE AGREEMENT**
(Pursuant to Fed. R. Crim. P. 11(c)(1)(C))

TO THE HONORABLE COURT:

COMES NOW, the United States of America, by and through its attorneys for the District of Puerto Rico, Rosa Emilia Rodríguez-Vélez, United States Attorney, Timothy Henwood, First Assistant United States Attorney, Jenifer Y. Hernández-Vega, Assistant United States Attorney and Deputy Chief of the Violent Crimes Unit, and Juan Carlos Reyes-Ramos, Assistant United States Attorney, along with Defendant, **Robert D. Rivera-Pastrana**, and his counsel, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), state to this Honorable Court that they have reached a Plea and Forfeiture Agreement, the terms and conditions of which are as follows:

1. **COUNTS TO WHICH DEFENDANT PLEADS GUILTY**

Defendant agrees to plead guilty to Count One and Count Three of the indictment.

2. **MAXIMUM PENALTIES**

The maximum statutory penalties for each of the offenses charged in Count One and Count Three of the Indictment are an imprisonment term of not more than ten years, a supervised-release term of not more than three years, and a fine of not more than $250,000.

3. **SENTENCING GUIDELINES APPLICABILITY**

Defendant understands that the sentence will be left entirely to the sound discretion of the Court in accordance with 18 U.S.C. §§ 3551-86, and that the United States Sentencing Guidelines (hereinafter, the "Guidelines") have been rendered advisory by the United States Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). Defendant acknowledges that parole has been abolished and that the imposition of his sentence may not be suspended.

4. **SPECIAL MONETARY ASSESSMENT**

Defendant agrees to pay a special monetary assessment of $100 per count of conviction, to be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013(a)(2)(A).

5. **FINES AND RESTITUTION**



Defendant is aware that the Court may, pursuant to U.S.S.G. § 5E1.2, order him to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation, or supervised release ordered. The Court may also impose restitution. The United States is not bound to make any recommendations as to the imposition of fines or restitution.

6. **RULE 11(c)(1)(C) WARNINGS**

The defendant is aware that acceptance of this Plea and Forfeiture Agreement is within the sound discretion of the sentencing judge and of the advisory nature of the Guidelines, including the <u>Guidelines Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u>. Further, the defendant understands and acknowledges that the Court is not a party to this Plea and Forfeiture Agreement and thus, is not bound by this agreement, its sentencing calculations, or recommendations. The defendant is aware that the Court may accept or reject this agreement, or may defer its decision whether to accept or reject this agreement until it has considered the pre-sentence investigation

report. *See* Fed. R. Crim. P. 11(c)(3)(A). If the court accepts this agreement, it will inform the defendant that the agreement is of the type specified by Rule 11(c)(1)(C) and the agreed disposition in the judgment. *See* Fed. R. Crim. P. 11(c)(4). If the court rejects the agreement, the defendant will be informed that the Court is not required to follow the agreement, given an opportunity to withdraw the plea, and advised that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the agreement contemplated. *See* Fed. R. Crim. P. 11(c)(5)(A)-(C). Further, should the Court reject the sentencing recommendation set forth in this agreement, the United States reserves the right to withdraw from its obligations under the same.

7. **APPLICABILITY OF UNITED STATES SENTENCING GUIDELINES**

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit the following advisory Guidelines calculations:





| Sentencing Guidelines Calculation Table ||||||||
|---|---|---|---|---|---|---|---|
| Base Offense Level | Base offense level under U.S.S.G. § 2K2.1(a)(4)(B) |||||| 20 |
| | Offense involved a stolen firearm, U.S.S.G. § 2K2.1(b)(4)(A) |||||| 2 |
| | Three-level reduction for timely acceptance of responsibility, U.S.S.G. § 3E1.1. |||||| -3 |
| Sentencing Ranges | TOL | CHC I | CHC II | CHC III | CHC IV | CHC V | CHC VI | 19 |
| | 19 | 030-037 | 033-041 | 037-046 | 046-057 | 057-071 | 063-078 | |

8. **NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY**

The parties do **not** stipulate as to any Criminal History Category for Defendant.

9. **SENTENCE RECOMMENDATION**

At sentencing, the parties shall recommend a sentence between 30 and 37 months of imprisonment on each count of conviction, to be served concurrently.

10. **WAIVER OF APPEAL**

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is 37 months or less, the defendant waives the right to appeal any aspect of this case's judgment and sentence, including but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

11. **NO FURTHER ADJUSTMENTS OR DEPARTURES**

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted offense level and no variance sentence under 18 U.S.C. § 3553 shall be sought by the parties. The parties agree that any request by either party for such further adjustment or departure will be considered a material breach of this Plea and Forfeiture Agreement.



12. **SATISFACTION WITH COUNSEL**

Defendant represents to the Court that he is satisfied with counsel, VICTOR A. RAMOS-RODRÍGUEZ and WILFREDO DÍAZ-NARVÁEZ, and asserts that counsel has rendered effective legal assistance.



13. **RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA**

Defendant understands that by entering into this Plea and Forfeiture Agreement he surrenders certain rights of criminal defendants, including but not limited to the following:

   a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge had agreed.

   b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously,

       before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

  c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

  d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant would be able to present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

  e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.





**14. STIPULATION OF FACTS**

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea and Forfeiture Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

**15. FIREARMS FORFEITURE**

Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), Defendant agrees to forfeit all of his right, title, and interest in any property involved in the commission of the offenses charged in Count One and Count Two (hereinafter collectively referred to as the "Property"), including but not limited to the following property: a black AK-47 rifle, serial number 9315665, loaded with one round of ammunition in the chamber and a 30-round-capacity magazine carrying 28 rounds of 7.62 caliber ammunition. Defendant acknowledges that he possessed the Property in violation of 18

U.S.C. §§ 924(c), as set forth in Counts One and Two of the Indictment, and that the Property is therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

### 16. LIMITATIONS OF PLEA AND FORFEITURE AGREEMENT

This Plea and Forfeiture Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

### 17. ENTIRETY OF PLEA AND FORFEITURE AGREEMENT

This written agreement constitutes the complete Plea and Forfeiture Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea and Forfeiture Agreement and deny the existence of any term or condition not stated herein.



### 18. AMENDMENTS TO PLEA AND FORFEITURE AGREEMENT

No other promises, terms or conditions will be entered unless in writing and signed by all parties.

### 19. DISMISSAL OF ALL REMAINING COUNTS

At sentencing, should the Defendant comply with the terms of this Plea and Forfeiture Agreement, the Government will move to dismiss all remaining counts charged in the Indictment.

### 20. VOLUNTARINESS OF GUILTY PLEA

Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

**ROSA EMILIA RODRÍGUEZ-VÉLEZ**
United States Attorney

_____
**Timothy R. Henwood**
First Assistant U.S. Attorney
Dated: 6-6-18

_____
for **Jenifer Y. Hernández-Vega**
Assistant U.S. Attorney
Deputy Chief, Violent Crimes Unit

_____
**Juan Carlos Reyes-Ramos**
Assistant U.S. Attorney
Dated: 6/5/2018

_____
**Victor A. Ramos-Rodriguez, Esq.**
Counsel for Defendant
Dated: _____

_____
**Wilfredo Diaz-Narvaez, Esq.**
Counsel for Defendant
Dated: 6/19/18

_____
**Robert D. Rivera-Pastrana**
Defendant
Dated: 6-19-18

## UNDERSTANDING OF RIGHTS

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me. Furthermore, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes that may apply in my case. My counsel has translated this Plea and Forfeiture Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I have read this Plea and Forfeiture Agreement and carefully reviewed every part of it with my attorney. I fully understand this agreement and voluntarily agree to it.

Date: 6-19-18

_____
**Robert D. Rivera-Pastrana**
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending Indictment. Furthermore, I have reviewed the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes, and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea and Forfeiture Agreement with Defendant. I have translated this Plea and Forfeiture Agreement and explained it in the Spanish language to the Defendant, who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea and Forfeiture Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 6/19/18

_____
**Victor A. Ramos-Rodriguez, Esq.**
Counsel for Defendant
Wilfredo Diaz-Narvaez, Esq.

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea and Forfeiture Agreement in this case, the United States of America and Defendant, **Robert D. Rivera-Pastrana** ("Rivera-Pastrana"), agrees that the following recitals provide a true and accurate summary of the facts leading to Defendant's acceptance of criminal responsibility for violations of 18 U.S.C. §§ 922(g)(1), 922(g)(1), and 922(o). If this case had gone to trial, the United States would have proven these facts beyond a reasonable doubt.



On October 29, 2017, at approximately 5:30 a.m., Puerto Rico Police Department (PRPD) agents conducting surveillance in the area of Santurce, Puerto Rico, observed a man, later identified as Defendant Rivera-Pastrana, as he walked and reached the parking lot of a bar located in that area. Agents observed defendant walk towards a black-colored vehicle, take a black firearm from his waist, place it inside the vehicle, and drive away in the vehicle. PRPD agents followed defendant.

Moments later, PRPD agents conducted a traffic stop of defendant's vehicle. During the stop, an agent observed Rivera-Pastrana trying to place a black firearm inside a hidden compartment. Rivera-Pastrana was then arrested. Incident to Rivera-Pastrana's arrest, agents seized the aforementioned firearm, a .40 caliber Glock pistol model 22 bearing serial number GKY015. The firearm contained a visible attached device that allowed the firearm to fire more than one shot, without manual reloading, by a single pull of the trigger. Defendant acknowledges that he knew at that time that the firearm was a machinegun.

No firearms or ammunitions are manufactured in Puerto Rico. Therefore, the aforementioned firearm and ammunition were shipped or transported in interstate or foreign commerce.

The Defendant has been previously convicted for a crime punishable by imprisonment for a term exceeding one year.

At trial, the United States would have proven beyond a reasonable doubt that Defendant is guilty as charged in Count One and Count Three of the Indictment. This would have been proven through physical and documentary evidence, including but not limited to testimony of local and federal agents, photographs, documents, and other physical evidence.

The United States provided full and timely discovery to Defendant.

_____
**Juan Carlos Reyes-Ramos**
Assistant U.S. Attorney
Dated: 6/5/2018

_____
**Victor A. Ramos-Rodriguez, Esq.**
Counsel for Defendant
Dated: _____

_____
**Wilfredo Díaz-Narváez, Esq.**
Counsel for Defendant
Dated: 6\19\18

_____
**Robert D. Rivera Pastrana**
Counsel for Defendant
Dated: 6-19-18